## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **WALTER ALLEN McCLURE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 4:05-cv-01971-RBP** |
| | ) | |
| **GEICO GENERAL INSURANCE** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This cause comes on to be heard upon defendant GEICO Insurance Company's Motion to

Dismiss plaintiff Walter Allen McClure's Complaint, filed on October 13, 2005.

### UNDISPUTED FACTS AND PROCEDURAL HISTORY

The plaintiff Walter Allen McClure (McClure) is the father of Tyler McClure, a

seventeen (17) year old minor, who was killed in an automobile accident on July 18, 2004, when

Stephen Loggins, a seventeen (17) year old minor, while driving with Tyler McClure as a front

seat passenger, allegedly negligently turned in front of an oncoming vehicle on a public highway

in Jefferson County, Alabama. According to McClure, Loggins' negligence proximately caused

the death of Tyler McClure. The defendant GEICO General Insurance Co. (GEICO) was the

insurer of Loggins at the time of the accident. McClure filed an insurance claim against GEICO

based on the alleged negligence of Loggins. Neither McClure nor Tyler McClure are parties to

the insurance policy issued to Loggins. GEICO denied the claim on the basis of the Alabama

Guest Statute, which provides:

>The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment thereof in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.

Ala. Code § 32-1-2 (1975).

McClure has not secured any judgment against Stephen Loggins, adjudging him liable, in negligence or otherwise, for causing the death of Tyler McClure. McClure filed this action as a Complaint for Declaratory Judgment under 28 U.S.C. § 2201 on September 21, 2005.

McClure requests a declaratory judgment that "the Alabama Guest Statute is inherently unconstitutional as a violation of the Equal Protection Provision of the 14th Amendment of the U.S. Constitution[1] which forbids states from making laws which deny equal protection of the law because there is no reasonable rational basis for the legislative distinction between "guests and passengers for liability purposes." According to McClure, "all guests and passengers should receive the benefit of the negligent driver's liability insurance when the driver is negligent." McClure claims the Alabama Guest Statute "frustrates and contradicts" Alabama's mandatory automobile liability insurance.

McClure states that the issue of whether the Alabama Guest Statute is constitutional was recently presented to the Alabama Supreme Court in *Tolbert v. Tolbert*, 903 So. 2d 103, 110 (Ala. 2004). The court in that case did not decide that issue because it was not properly briefed and presented. McClure also claims that the issue of whether Guest Statutes violate the right of

---

[1]Section 1 of the Fourteenth Amendment provides, in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

equal protection is "clouded" by the U.S. Supreme Court in their opinion in *Silver v. Silver*, 280 U.S. 117 (1929). In that case, the Court considered whether a Connecticut Guest Statute impermissibly distinguished between gratuitous passengers in automobiles and those in other automobiles. According to McClure, the Court used the "any conceivable basis" test to uphold the Connecticut Guest Statute as not violative of the equal protection clause of the Fourteenth Amendment.

McClure argues that the current test for determining whether a state legislature distinction violates equal protection is whether the statute is "rationally related" to a legitimate state interest. *Lawrence v. Texas*, 539 U.S. 558 (2003). According to McClure, the Alabama Supreme Court in *Tolbert* erred when it claimed that the *Silver* Court "found a rational distinction between gratuitous passengers in automobiles and guests in other modes of transportation." Instead, McClure claims, the *Tolbert* court should have noted that the *Silver* court utilized the "any conceivable basis" test.

McClure claims that seven state appellate courts have struck down Guest Statutes on federal equal protection claims, each holding that the *Silver* case was not binding precedent on that issue.[2] McClure argues that *Silver* is no longer binding precedent because it failed to consider the two historical justifications for the Guest Statute, collusive suits and the protection of hospitality. By not reviewing these justifications, McClure claims, the *Silver* court could not have exercised a rational basis review.

_____

[2]*See McGeehan v. Bunch*, 540 P.2d 238 (N.M. 1975); *Laakonen v. Eighth Judicial District Court*, 538 P.2d 574 (Nev. 1975); *Primes v. Taylor*, 331 N.E. 2d 723 (Oh. 1975); *Thompson v. Hagan*, 523 P.2d 1365 (Idaho 1974); *Henry v. Bauder*, 518 P.2d 362 (Kan. 1974); *Brown v. Merlo*, 506 P.2d 212 (Cal. 1973); *Ramey v. Ramey*, 258 S.E. 2d 883 (S.C. 1979).

According to McClure, Alabama is the only state in the nation with a "full-fledged" Guest Statute. The Eleventh Circuit, he claims, has not ruled on the constitutionality of the Alabama Guest Statute, nor has it determined whether *Silver* is the binding precedent for an analysis of that kind. The Alabama Supreme Court has relied on the *Silver* decision to deny a federal equal protection challenge[3] to the Alabama Guest Statute in 1939 and 1975. *See Pickett v. Matthews*, 192 So. 261 (Ala. 1939); *Beasley v. Bozeman*, 315 So. 2d 570 (Ala. 1975). However, McClure argues, three federal circuits have criticized *Silver* and expressed doubts about its validity. *See Sidle v. Majors*, 536 F.2d 1156 (7th Cir. 1977) (reviewing the Indiana Guest Statute), *cert. denied*, 429 U.S. 945 (1978); *Neu v. Grant*, 548 F.2d 281 (10th Cir. 1977) (reviewing the Wyoming Guest Statute); *Corey v. Jones*, 650 F.2d 803 (5th Cir. 1981) (reviewing the Georgia Guest Statute). McClure also served the Attorney General of Alabama as required by law when challenging the constitutionality of a state statute.

### RULE 12(b)(6) STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the claimant. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). Dismissal under Rule 12(b)(6) is appropriate "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Rendon v. Valleycrest Prods., Ltd.*, 294

---

[3]According to McClure, the Alabama Supreme Court has never decided whether the Alabama Guest Statute violates the equal protection rights of the Alabama Constitution.

4

F.3d 1279, 1282 (11th Cir. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

**ARGUMENTS**[4]

I.      **Defendant's Motion to Dismiss.**

According to GEICO, it provides liability insurance coverage to Loggins, and McClure made a claim against GEICO, based on the alleged liability of Loggins for Tyler's death. GEICO claims that it denied Loggins' liability to McClure citing both the Alabama Guest Statute and Loggins' "lack of wanton or intentional misconduct." McClure, according to GEICO, is not a party to the insurance policy issued by GEICO to Loggins. Furthermore, GEICO claims, McClure has not only not recovered a judgment against Loggins for liability for Tyler McClure's death, but also has not even commenced an action seeking to hold Loggins liable. According to GEICO, McClure has, "at best," a liability claim against Loggins, against which Loggins likely would assert the Alabama Guest Statute in defense.

A.      **Plaintiff does not have standing to assert the unconstitutionality of the Alabama Guest Statute.**

GEICO claims McClure cannot assert any claims against it. GEICO cites *MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark*, 558 F. Supp. 596 (S.D. Ala. 1983), for its assertion that McClure cannot move forward without first securing a judgment against Loggins. In that case, the district court for the Southern District of Alabama dismissed the declaratory judgment action brought by MacMillan-Bloedel against Firemen's, the liability insurer of the Kaymar Companies, seeking a declaration that the Firemen's insurance policies covered MacMillan-Bloedel's tort claims against Kaymar. Mac-Millan was also the tort plaintiff in a

---

[4]This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

5

pending civil action against Kaymar Companies. The court noted:

> ...This case presents the somewhat unusual situation where none of the parties to
> the contracts of insurance want to litigate any coverage issues at this time, but a
> third party - not a party to the contract - wants to force them to do so.
>
> ...
>
> The Declaratory Judgment Act, 28 U.S.C.A. § 2201 (West 1982), is remedial and
> procedural in nature; creates no substantive rights or duties; and neither augments
> nor diminishes federal jurisdiction [citations omitted].
>
> ...
>
> This is a case where the court, in the exercise of its discretion, will decline to
> entertain this declaratory judgment action until such time as the question of Kaymar
> Companies' liability to MacMillan-Bloedel is finally determined. If MacMillan-
> Bloedel is successful in the tort action, Ala. Code § 27-23-2 (1977) [granting to the
> judgment creditor of an insured defendant a right of action against the defendant's
> liability insurer to reach and apply insurance proceeds in satisfaction of the
> judgment] provides a remedy.
>
>       In summary, the court concludes: (a) That the plaintiff has no standing to
> maintain this action at this time; and (b) Even if the plaintiff had such standing, the
> court would decline to entertain the action at this time.

*Id*. at 600.

GEICO argues that, as was true with Kaymar and Firemen's in *MacMillan-Bloedel*, McClure is

not a party to the policy between GEICO and Loggins. According to GEICO, any right McClure

would have against GEICO is inchoate, pending the outcome of litigation against Loggins.

Because there is no judgment against Loggins, GEICO argues, McClure cannot assert a claim

against GEICO. Accordingly, GEICO claims that its Motion to Dismiss is due to be granted on

grounds that McClure lacks standing in this action.

    **B.**    **This court lacks subject matter jurisdiction over McClure's claim.**

    GEICO points out that federal jurisdiction in *MacMillan-Bloedel* was based on diversity,

whereas McClure seeks to base jurisdiction on a federal question:

> ...Federal question jurisdiction is lacking if, but for the availability of the federal
> declaratory judgment procedure, a federal claim would arise only as a defense to a
> state-created cause of action. The same limitation applies when the party seeking a

6

> declaratory judgment relies on federal law to preclude an anticipated state-law defense
> to a state cause of action.

10 *Fed. Proc.*, L. Ed. § 23:44, p. 60.

GEICO characterizes this case as "the unusual situation in which the tort claimant (McClure) seeks to litigate with the liability insurer (GEICO) of the tort respondent (Loggins) the question of whether the Alabama Guest Statute is unconstitutional, and therefore unavailable as a defense to McClure's tort claim against Loggins." GEICO claims that McClure impermissibly seeks to obtain a declaratory judgment in reliance upon federal law (the Fourteenth Amendment to the U.S. Constitution) to preclude Loggins' anticipated defense of the Alabama Guest Statute in bar of McClure's state-law based cause of action for negligence.

In *Lucas v. Hope*, 515 F.2d 234 (5th Cir. 1974), members of a church brought a declaratory judgment suit in federal court against former members of the church, claiming that the defendants had unlawfully deprived the plaintiffs of church property. The complaint alleged that the defendants could not rely on Section 22-5504 of the Georgia Code to justify their possession of church property, because that statute violated the First Amendment provisions regarding religion. The District Court, GEICO notes, granted the defendants' motion to dismiss on grounds of lack of jurisdiction and the former Fifth Circuit affirmed:

> The District Court granted the defendants' motion to dismiss on the ground that it
> lacked jurisdiction over plaintiffs' suit, saying that neither the plaintiffs nor the parent
> church have made any effort in the courts of Georgia to evict the defendants from the
> church property. Furthermore, the court said that the plaintiffs' complaint does not
> show an actual case or controversy as to the constitutionality of Section 22-5504 of
> the Georgia Code and that plaintiffs' allegations in that regard are merely anticipatory
> of a defense they think defendants will use if plaintiffs sue in a state court. The
> District Court correctly held that under Article III of the United States Constitution
> the jurisdiction of the U.S. District Courts is limited to actual cases or controversies,
> *citing O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), and
> that the court does not have jurisdiction because it does not allege a case or

controversy as to the Georgia statute. This is especially true in view of the fact that the defendants say they are not relying on the statute [according to GEICO, "[t]his factor differs from the anticipated response to a suit by McClure against Loggins, but the result in *Lucas* is not dependent on this fact]. Under these facts, there is no case or controversy, and the plaintiffs' allegations with reference thereto do not confer jurisdiction on the district court to decide their complaint. *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). There is no other Federal question in the case. Under these circumstances, we are not required to decide whether the Georgia statute is unconstitutional and we do not do so.

It is well settled that matters in anticipation or avoidance of possible defenses cannot be relied on to establish Federal question jurisdiction. [Citations omitted].

*Lucas*, 515 F.2d at 236.

GEICO also cites *Johnston v. Byrd*, 354 F.2d 982 (5th Cir. 1965), a case in which the plaintiff brought suit in federal district court against the state-court judgment creditor of her husband, among other defendants, seeking injunctive relief and damages for the alleged wrongful seizure of her property in satisfaction of the judgment against her husband. The plaintiff asserted federal question jurisdiction because she believed that the Alabama statute requiring her to post a bond to forestall levy and execution was an violation of her Fifth and Fourteenth Amendment due process and equal protection rights. The Fifth Circuit, in affirming the dismissal of the plaintiff's claim for lack of subject matter jurisdiction, stated:

Essentially, this case is a contest as to who owns title to certain personal property located within the State of Alabama. State law determines that question, not federal law. A question of federal law is often "lurking in the background" of every case. In order to invoke the jurisdiction of a federal court there must be a "substantial claim founded 'directly' upon federal law." [citations omitted].

Any federal questions sought to be raised are purely incidental to the efforts of the plaintiff to enjoin a sheriff's sale pursuant to a state writ and to recover a money judgment in a federal court.

*Id*. at 984.

GEICO also cites *Southern Trust Ins. Co. v. Griner*, 550 F. Supp. 39 (S.D. Ga. 1982), for a similar proposition, as well as *Monks v. Hetherington*, 573 F.2d 1164 (10th Cir. 1978), and

8

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964-965 (10th Cir. 1996).

GEICO argues that McClure "anticipates posing a constitutional challenge in reply to Loggins' anticipated defense of the Alabama Guest Statute, in his (McClure's) anticipated suit against Loggins for wrongful death, based on Alabama common law negligence principles." According to GEICO, McClure is trying impermissibly to advance his action through this declaratory judgment claim. GEICO claims that, like in *Lucas*, *Johnston*, and *Griner*, there is no actual case or controversy as between GEICO and McClure. Resultantly, according to GEICO, this court is without subject matter jurisdiction in this action.

### C.   McClure has failed to state a claim upon which relief can be granted.

According to GEICO, even should this court conclude that McClure has standing, at has properly invoked federal jurisdiction, the established law of the federal judiciary is that Alabama's Guest Statute does not violate the Equal Protection provisions of the U.S. Constitution. GEICO cites *Silver v. Silver*, 280 U.S. 117 (1929)[5], for this assertion. Though GEICO admits that there have been a number of attacks on the viability of *Silver*, the courts in each of these cases determined that the U.S. Supreme Court decision in *Hicks v. Miranda*, 422 U.S. 32 (1975), dictates that *Silver*, despite its apparent flaws, is good law until overruled by the Supreme Court itself. *See Neu v. Grant*, 548 F.2d 281, 284 (10th Cir. 1977); *Sidle v. Majors* 536 F.2d 1156, 1160 (7th Cir. 1976); *Corey v. Jones*, 650 F.2d 803, 805 (5th Cir., Unit B, 1981); *Pierce v. Bierer*, 459 U.S. 1026 (1982) (appeal dismissed, for want of a substantial federal question, from the Delaware Supreme Court's decision upholding that state's Automobile Guest

---

[5]*Silver v. Silver*, 280 U.S. 117 (1929), is summarized and discussed above, in the "Facts and Procedural History" section of this opinion.

Statute). Furthermore, according to GEICO, McClure's assertions that the Alabama Guest Statute violates the Alabama Constitution do not support jurisdiction in this court, as they raise no federal question. Even so, GEICO claims the Alabama Supreme Court has repeatedly upheld the Guest Statute as valid under Alabama's Constitution. *See Tolbert v. Tolbert*, 903 So. 2d 103 (Ala. 2004); *Beasley v. Bozeman*, 315 So. 2d 570 (Ala. 1975); *Pickett v. Matthews*, 192 So. 261 (Ala. 1938). McClure, according to GEICO, has failed to state a claim upon which relief can be granted by this court.

## II.    Plaintiff's Response.

### A.    Plaintiff has standing.

According to McClure, he has standing in this case because he "alleges that the Alabama Guest Statute violates the Equal Protection Clause of the 14th Amendment." He first cites to *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church*, 420 F.3d 1317 (11th Cir. 2005). In that case, the District Court for the Southern District of Florida granted a summary judgment in favor of the plaintiff insurance company which, in a diversity jurisdiction case, was seeking a declaratory judgment that a clause in its policy with the defendant church should be construed to preclude coverage of a certain event. The Eleventh Circuit, in affirming that the District Court did have the discretion to exercise summary judgment, stated:

> ...the insurer filed this declaratory judgment action (the "Federal Action"), seeking an adjudication of the meaning, interpretation and application of the Sexual Misconduct Exclusion.
> ...we must review the district court's exercise of authority to proceed with a declaratory judgment action for abuse of discretion. When we say that a decision is discretionary, or that a district court has discretion to grant or deny a motion, we do not mean that the district court may do whatever pleases it. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.

...we cannot go so far as to say that the district court's decision to exercise jurisdiction over this declaratory judgment action amounted to an abuse of discretion.

*Id*. at 1324-1325 (internal citations omitted).

McClure also points out that this court, in *Employers Mutual Casualty Co. v. Evans*, 76 F. Supp. 2d 1257 (N.D. Ala. 1999), denied a Motion to Dismiss a Declaratory Judgment Action filed by the insurer and carefully defined the issues:

> "In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Casualty and Surety Co.*, 68 F.3d 409, 414 (11th Cir.1995) (footnote omitted). The Constitution of the United States allows federal judicial power to extend only to actual "cases or controversies." U.S. Const. art. III, § 2; *see also Atlanta Gas*, 68 F.3d at 414. "Whether such a controversy exists is determined on a case-by-case basis." *Atlanta Gas*, 68 F.3d at 414, quoting *United States Fire Ins. Co. v. Caulkins Indiantown Citrus*, 931 F.2d 744, 747 (11th Cir.1991). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). The party who seeks shelter in a federal court must show at an "irreducible minimum" that at the time the complaint was filed, that party had "suffered some actual or threatened injury resulting from the [other party's] conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.
> ...In *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330 (11th Cir.1989), *abrogated on other grounds, Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed. 2d 214 (1995), the Eleventh Circuit held that even though the liability issue had not yet been resolved in the state court, the federal courts were not automatically closed to the insurer seeking declaratory relief. Rather, the federal court could determine any obligation on the part of the insurer to defend the insured in the state court case. *See id.* at 1333. The court noted that this was especially true because "in some jurisdictions the providing of a defense not only is expensive but may constitute a waiver on the coverage question."

*Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1260, 1262 (N.D. Ala., 1999).

According to McClure, GEICO's reliance on *Lucas v. Hope*, 515 F.2d 234 (5th Cir. 1975), is flawed because there was no constitutional issue and no federal issue raised in that case.

McClure claims that, in interpreting the Alabama Declaratory Judgment Act, the Alabama

11

Supreme Court held that an insurer could file a declaratory judgment against an insured driver

though the insured had a claim pending against the insurer:

> In *Smith v. North River Insurance Co.*, 30 So. 2d 313 (Ala. 1978), this Court held
> that while an action was pending against the insured, the insurer could bring a
> declaratory-judgment action to determine whether the insurer was obligated under
> the provisions of the insured's policy to defend the insured in the earlier action...
> Here, Alfa, like the insurer in *North River* that requested a determination of its duty to
> defend the insured in light of the circumstances and the language in the insured's
> policy, seeks a judgment determining its duty to defend its insured. This determination
> is different from the issue presented in Young's personal-injury action.
> *Ex parte Alfa Mutual Ins. Co.*, 2005 WL 1706489 (Ala. 2005).

McClure claims that he "has an actual controversy with GEICO and he therefore has standing to

file a complaint under the Federal Declaratory Judgment Act."

### B.   An alleged equal protection violation in an insurance contract invokes federal jurisdiction.

According to McClure, the Eleventh Circuit, in *Scott v. Board of Trustees of the Mobile

Steamship Association-International Longshoremen's Association Pension, Welfare and

Vacation Plans*, 589 F.2d 872 (11th Cir. 1988), reviewed an equal protection violation of an

insurance contract and held that an insurance policy provision which denied spousal coverage to

a common law wife violated equal protection. McClure states: "The West summary of the

holding is stated:

> Insured brought declaratory judgment action against group health insurer to compel
> insurer to extend dependent spousal coverage to insured's common-law wife. Insurer
> removed proceedings. The United States District Court, Southern District of Alabama,
> No. 85-0251-P, Virgil Pittman, J., granted summary judgment for insurer. Insured
> appealed. The Court of Appeals, 815 F.2d 653, certified question to the Alabama
> Supreme Court. Following answer to certified question, the Court of Appeals, Tuttle,
> Senior Circuit Judge, held that under Alabama law, policy provisions denying common-
> law marriages same status as ceremonially solemnized marriages were void as violative
> of public policy."

**C. Plaintiff has stated a valid claim.**

According to McClure, the same issue now before the court was raised and decided in

*Ramey v. Ramey*, 258 S.E. 2d 883 (S.C. 1979):

> The sole question for determination by this Court is set out in appellant's brief as
> follows:
> "Is s 15-1-290 of the South Carolina Code of Laws (the South Carolina Guest Statute)
> inherently unconstitutional as being violative of Article I, Section 3 of the Constitution
> of the State of South Carolina and the Fourteenth Amendment to the Constitution of
> the United States?" (Appellant's Brief, p. 5).
> The Fourteenth Amendment to the United States Constitution reads:
> "All persons born or naturalized in the United States and subject to the jurisdiction
> thereof are citizens of the United States and of the state wherein they reside. No state
> shall make or enforce any law which shall abridge the privileges or immunities of
> citizens of the United States; nor shall any state deprive any person of life, liberty or
> property without due process of law, nor deny to any person within its jurisdiction the
> equal protection of the laws."
> Prior to the enactment of the guest statute in 1930, the common law imposed a duty of
> reasonable care on those who transported non-paying guests. This standard of care was
> altered by the guest statute which rendered a gratuitous guest's recovery contingent
> upon a showing of intentional or reckless misconduct by the host driver.
> Between 1927 and 1939, twenty-seven states enacted versions of the guest statute,
> ostensibly to promote the following two goals: (1) the protection of host drivers from
> suits by ungrateful guests; and (2) the elimination of collusive lawsuits. **With the
> advent of widespread automobile liability insurance**, however, **there has been
> increasing criticism of the guest statute** in both academic and judicial forums.
> Judicial tribunals have questioned whether guest statutes actually serve to further the
> twin goals which spurred their enactment. In recent years, nine states have held their
> guest statutes unconstitutional **despite the decision of the United States Supreme
> Court in *Silver v. Silver***, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929).

*Ramey v. Ramey*, 258 S.E.2d 883, 884 (S.C. 1979) (emphasis added).

**III.    Defendant's Reply.**

**A.    Standing.**

According to GEICO, McClure has presented no authority in which standing has been

found to exist in a case postured like this one. GEICO argues that the action in *Guideone Elite*

*Ins. Co. v. Old Cutler Presbyterian Church*, 420 F.3d 1317 (11th Cir. 2005), was entirely

appropriate, as "[i]t is well settled that the remedy of declaratory judgment is a proper one for the determination of questions arising from the construction and operation of insurance policies with regard to the rights and liabilities of the parties thereunder, irrespective of the type of insurance involved." 10 *Fed. Proc.* L. Ed., § 23:35, p. 48. This, according to GEICO, is not what McClure seeks in this action. Rather, GEICO claims, that case in no way supports McClure's assertion that he has standing to litigate the constitutionality of an anticipated defense available to GEICO's insured. GEICO also claims that this court's decision in *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d (N.D. Ala. 1999), is distinguishable because the Motion to Dismiss in that case was denied on issues of ripeness, not standing.

GEICO argues that McClure's reliance on *Ex parte Alfa Mut. Ins. Co.* is flawed because the court in that case distinguished its scenario from that in *MacMillan Bloedel*:

> ...Young's reliance on *MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of New York*, 558 F. Supp. 596 (S.D. Ala 1983), is misplaced. That case involved a declaratory-judgment action brought against the insurer by the plaintiff in a previously-filed negligence action against the insured. The federal district court held that the declaratory-judgment action was premature because the liability between the plaintiff and the insured had not yet been decided. Here, the insurer is seeking a determination as to whether it has a duty to defend the insured in the plaintiff's action against the insured. Therefore, *MacMillan-Bloedel* has not application to this case.

*Ex parte Alfa*, 2005 WL 17064189, at *2.

GEICO claims that Alabama Supreme Court's distinguishing, as opposed to criticizing, the *MacMillan-Bloedel* case is understandable, "since its holding is consistent with prior case law." *State Farm Mut. Auto Ins. Co. v. Brown*, 894 So. 2d 643 (Ala. 2004). GEICO argues that, in *MacMillan-Bloedel*, "at least, the tort claimant was suing the insurer in an attempt to construe the liability insurance policy to provide coverage for its claims against the insured." Here, GEICO claims, McClure has no privity of contract with GEICO, has no judgment against Loggins, and

14

does not seek to construe the terms of his insurance policy. According to GEICO, McClure has

no standing.

     **B.**      **Subject Matter Jurisdiction.**

     GEICO claims that, in *Scott v. Bd. of Trustees Mobile S.S. Assn*, 589 F.2d 872 (11th Cir.

1988), the question certified to the Alabama Supreme Court was:

> Are contractual provisions that distinguish between common-law and ceremonially
> solemnized marriages, which deny common-law marriages the same status as
> ceremonially solemnized ones, void as violative of the public policy of the state of
> Alabama?

*Id.* at 873.

According to GEICO, there is no indication that any constitutional issue was raised, and its value

as authority to support Federal jurisdiction in this action is not apparent.

     GEICO claims that *Lucas v. Hope*, 515 F.2d 234 (5th Cir. 1975), is erroneously cited by

McClure as having no constitutional issue. To the contrary, GEICO argues, *Lucas* was decided

specifically on the ground that Federal jurisdiction could not be based on the plaintiffs' claim in

their declaratory action that the defendant church could not rely on a state statute as a defense - in

an anticipated state court action - because it violated the First Amendment. 515 F.2d at 235-236.

GEICO characterizes this case as McClure taking "the legally-deficient logic of the *Lucas*

plaintiffs one step further." McClure, according to GEICO, seeks to base Federal jurisdiction on

his claim that Loggins cannot rely on the Alabama Guest Statute as a defense in McClure's

anticipated state civil action against him, because it violates Equal Protection.

     *Lucas*, GEICO argues, stands for the principle that matters in anticipation or avoidance of

possible defenses cannot be relied on to establish Federal question jurisdiction. 515 F.2d at 236.

This, GEICO claims, has been consistently applied within the Eleventh Circuit. *See, e.g., Stern v.*

*International Bus. Mach. Corp.*, 326 F.3d 1367, 1371 (11th Cir. 2003); *Hudson Ins. Co. v. American Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992); and *Transit Homes of America v. Homes of Legend*, 173 F. Supp. 2d 1185, 1188 (N.D. Ala. 2001) ("...By its instant line of argument, [the plaintiff] is, in effect, attempting to base jurisdiction upon an application of federal law to anticipated defenses. This, the court concludes, [the plaintiff] may not do.").

GEICO claims that McClure's Response did not discuss the remainder of the authorities presented by GEICO addressing the Federal question jurisdiction issue. GEICO notes, "[t]herefore, there is nothing to which to reply. No other basis for jurisdiction is asserted. Moreover, aside from the citation to *Scott*, *supra*, Mr. McClure makes no separate argument to support his assertion that a constitutionally-based challenge to an anticipated state law defense is sufficient to invoke...jurisdiction. In light of the clear authority rejecting such a contention, this would be futile."

**C.      Failure to state a claim upon which relief can be granted.**

GEICO claims that McClure relies on *Ramey v. Ramey*, 258 S.E. 2d 883 (S.C. 1979), as the sole authority to support his contention that the Complaint has stated a valid claim. GEICO concedes that some state courts have accepted the assertion that a Guest Statute violates a state constitution, or even the U.S. Constitution. However, GEICO claims to base its position on the decisions of the U.S. Supreme Court in *Silver v. Silver*, 280 U.S. 117 (1929), *Cannon v. Oviatt*, 419 U.S. 810 (1974), and *Hicks v. Miranda*, 422 U.S. 32 (1975), and of the Circuit Courts of Appeal in deference thereto, most notably *Corey v. Jones*, 650 F.2d 803 (5th Cir., Unit B, 1981), *Neu v. Grant*, 548 F.2d 281 (10th Cir. 1977), and *Sidle v. Majors*, 536 F.2d 1156 (7th Cir. 1976), *cert. den.*, 429 U.S. 944 (1976). GEICO claims that McClure has proffered no argument

16

suggesting how or why this court should grant McClure the relief he seeks - a declaration that the Alabama Guest Statute violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution - in light of the clear binding precedent of *Corey*, *supra*. In this sense, according to GEICO, McClure fails to state a claim upon which relief can be granted, and this action is due to be dismissed.

## CONCLUSIONS OF THE COURT

This court concludes that it will not reach the issue(s) raised by the plaintiff. The court concludes that its discretion dictates that it not entertain this action as a declaratory judgment action. There are several reasons for this decision. (1) Plaintiff argues that the Supreme Court of Alabama has never appropriately addressed the issues raised by the plaintiff. Those issues should be first directly addressed by that court. (2) There has been no determination by any state court that plaintiff does not have a claim which would avoid consideration of the Alabama Guest Statute. (3) The Alabama courts should first clearly state what the purported rational basis for such a statute is before a federal court questions that basis. (4) It is highly questionable as to whether the plaintiff has standing to bring this action or, if so, whether it is ripe. The action will be dismissed without prejudice as to the claimed merits.

This 14th of November, 2005.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

17